IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 122-073 |
| | ) | |
| DARNELL DWIGHT BROWN | ) | |
| CORII ARKEEM BUSSEY | ) | |

**O R D E R**

Counsel have advised the Court all pretrial motions have been satisfied or otherwise resolved as to Defendant Brown. (See doc. no. 41.) Similarly, the government's motion for reciprocal discovery as to Defendant Bussey has been satisfied or otherwise resolved. Therefore, the government's pending motion as to each Defendant is **MOOT**. (Doc. no. 17.)

The parties also report they have been unable to resolve Defendant Bussey's motion for a witness list. (See doc. no. 41.) Defendant Bussey's motion identifies five witnesses by name, and then relying only on Ninth Circuit case law, requests the Court order the government to furnish a witness list with names and addresses, including such information for witnesses the government does not intend to call at trial. (Doc. no. 37.) In his one-paragraph motion, Defendant Bussey does not explain why the requested information is material to his defense, other than to state in conclusory fashion that he "needs this information in order to seek ex parte subpoenas of witnesses prior to trial." (Id.)

In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. See United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987);

United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981).  Indeed, Defendant Bussey fails "to allege that a witness list or any particular witness is material to [his] defense" such that the Court should order disclosure of any witnesses beyond the five already identified in the motion.[1]  United States v. Bickers, Crim. No. 1:18-CR-00098-SCJ, 2019 WL 5587050, at *4 (N.D. Ga. Oct. 30, 2019).  While the Court retains the right to exercise its discretion in permitting Defendants to have access to a list of government witnesses, at most the government would be required to comply with this request not more than fourteen days prior to trial.  Therefore, the Court **DENIES** the motion for a witness list.  (Doc. no. 37.)

However, as a practical matter, it would appear both Defendants will be receiving much of the information about the government's witnesses because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963).

SO ORDERED this 7th day of November, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]The Court is aware of the request for a hearing in the joint status report.  (See doc. no. 41.)  However, there is no entitlement to a hearing so that a movant can develop an argument presented in a conclusory, one-paragraph motion.  See United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000) ("Defendants are not entitled to an evidentiary hearing based on a 'promise' to prove at the hearing that which they did not specifically allege in their motion to suppress.")